FILED
IN OPEN COURT
SEP 16 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandira Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER R. HALTOM,<br><br>Defendant. | Case No. 1:26-CR-155 |

STATEMENT OF FACTS

The United States and the defendant, CHRISTOPHER HALTOM (hereinafter, "defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or around March 20, 2025, the defendant emailed Victim-1 while she was working in the Pentagon National Military Command Center ("NMCC") which stated, "I just [sic] killed Penny [their pet cat] and I am coming for you!"

2. The defendant then repeatedly stated on a recorded phone call that he was driving across the country to kill her. He made various threats, including but not limited to the following: "I'm not gonna let you live this out" and "Do you hear the wind in my car? Yeah? Cuz I'm coming to you, bitch."

3. He also stated: "I said I will kill you, record it for the authorities, I don't think it's gonna matter."

4. He also stated: "I gotta focus on my driving, I gotta drive across the country . . . I'm driving to your house . . . I'm coming to kill you . . . "I'm gonna throw my phone out now so they can't track me, you understand that right?"

5. The defendant also later stated: "[Victim-1's name], I'm coming to kill you," and "I'm gonna see you soon you dumb bitch."

6. While driving his vehicle after making threats that he was going to kill the Victim-1, the defendant did in fact throw his phone out of the window of his vehicle while he was driving.

7. The defendant was outside of the state of Virginia when he transmitted the email and telephone calls to the Pentagon National Military Command Center in the Eastern District of Virginia.

8. Victim-1 was within the Eastern District of Virginia when the defendant made each of the threats described herein.

9. Thus, these communications herein were transmitted in interstate commerce and within the Eastern District of Virginia.

10. The defendant knew and intended the communications described herein would be perceived as true threats by the recipient.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above and in the Criminal Information, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: 8/31/2026

By: /s/
Amber N. Rieff
April N. Russo
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CHRISTOPHER R. HALTOM, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

CHRISTOPHER R. HALTOM

I am Jessica Richardson, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Jessica A. Richardson, Esq.
Attorney for CHRISTOPHER R. HALTOM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**UNITED STATES OF AMERICA**

**v.** **Criminal No.1:26-CR-155**

**CHRISTOPHER R. HALTOM,**

**Defendant.**

**ORDER**

This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), the Court ORDERS the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including vacating a conviction or disciplinary action against the prosecution.

Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same.

It is SO ORDERED.

/s/
Michael S. Nachmanoff
United States District Judge
Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
Date: 9/16/2026